**SECURITIES AND EXCHANGE COM-MISSION, Plaintiff,**

v.

**MEMORY MAGNETICS INTERNATION-AL, formerly known as Comstock-Keystone Mining Corporation, Wesley G. Powers, Richard J. Candelaria, Edward J. Kiefaber, Abraham Angelo Anapol, aka Angie Anapol, Theodore N. Bodnar, Abel, Carstairs, Rothchild & Zaffe, Defendants.**

**No. 69–810–FW.**

United States District Court, C. D. California.

Sept. 18, 1969.

---

"A. No.

Arthur E. Pennekamp, Regional Administrator, Walter G. Holden, Associate Regional Administrator, Robert M. Laprade, Special Counsel, Fred M. Berman, Jack Redden, Sr., Enforcement Atty., Michael A. Bertz, Los Angeles, Cal., for plaintiff.

John Peter Lee, Las Vegas, Nev., and Glenn B. Soelberg, Los Angeles, Cal., for defendant Edward J. Kiefaber.

WHELAN, District Judge.

In this action plaintiff Securities and Exchange Commission seeks an injunction to restrain violations of the Securities and Exchange Act of 1934 and the Securities Act of 1933. All other defendants have agreed to consent judgments against them. Defendant Kiefaber is a resident of the State of Nevada. The matter has been submitted after oral and written argument was presented to the Court by the respective counsel; the matter stood submitted upon the filing by defendant of his last memorandum on September 16, 1969.

The moving defendant has filed affidavits which, if true, established that he has not participated in any activities sought to be prohibited within the Central District of California. In his supplemental memorandum the moving defendant's counsel contends that the complaint does not set forth any allegations to show jurisdiction of this Court under the Securities and Exchange Act of 1934, Title 15, United States Code, Section 78aa. Defendant's counsel is in error in this respect for the reason that in paragraph 4 of the complaint on page 2 thereof it is alleged "The acts and transactions constituting the violations alleged herein have occurred within the jurisdiction of the United States District Court for the Central District of California."

Under the Securities and Exchange Act of 1934 the Securities and Exchange Commission has the right to bring its action in any district "wherein any action or transaction constituting the violation occurred." Under the Securities Act of 1933, Title 15, United States Code, Section 77v, the Securities and Exchange Commission has the right to bring its action "in the district where the offer or sale took place if the defendant participated therein."

The Securities and Exchange Commission, therefore, properly brought its action for violation of the Securities and Exchange Act of 1934 in this district. While it may well be that the Securities and Exchange Commission could file affidavits or take depositions to establish that the moving defendant participated in some offer or sale taking place in this district to provide the right of the Securities and Exchange Commission independently to bring its action in this district for violation of the Securities Act

of 1933 (the affidavits filed by the plaintiff to establish such participation in this district by the moving defendant included as part thereof depositions taken in certain proceedings before the Securities and Exchange Commission to which proceedings the moving defendant was not a party), it is not necessary that such action be taken for the reason that this Court having jurisdiction to consider the claimed violations of the Securities and Exchange Act of 1934 should entertain the claim for relief under the Securities Act of 1933. The Court, of course, makes no determination concerning the merits of this action by this ruling. Accordingly, and for good cause,

It is ordered that the motion of defendant Kiefaber to dismiss this action as to him is denied in its entirety.